CINCINNATI MINING CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 8427.   Promulgated September 16, 1927.

In the absence of an agreement among affiliated corporations as to the proportion in which any tax found to be due shall be assessed upon them, such tax as may be determined shall be assessed upon the members of the affiliated group upon the basis of the net income properly assignable to each.

*Richard S. Doyle, Esq.*, for the petitioner.
*Orris Bennett, Esq.*, and *Hartford Allen, Esq.*, for the respondent.

This is a proceeding for the redetermination of deficiencies asserted by the respondent, for the fiscal years ended March 31, 1920 and 1921, in the amounts of $937.25 and $23,250.78, respectively. Four issues are set out in the original and amended petitions as follows: (1) Respondent failed to apportion the total tax liability, computed on the basis of the consolidated return, against the two affiliated corporations on the basis of the net income properly assignable to each; (2) reduction of consolidated invested capital by $250,000, representing the claimed value of two leaseholds acquired by one of the affiliated corporations in 1918, in exchange for capital stock; (3) failure to allow for 1921 a bad debt deduction of $42,426.76, representing the indebtedness of the Interstate Coal & Dock Co. to the

Luhrig Collieries Co., affiliated with petitioner; and (4) addition to net income of 1920 of alleged unreported income of $10,000. At the hearing petitioner abandoned issues (2) and (3), and respondent conceded error as to issue (4), leaving only one issue for consideration by the Board.

### FINDINGS OF FACT.

Petitioner, an Ohio corporation with its principal office at Columbus, and the Luhrig Collieries Co., filed, in July, 1921, a consolidated return for the fiscal year ended March 31, 1921, showing a net income of $155,407.76, invested capital of $536,000, and a total tax liability of $43,733.17. Subsequently, on May 15, 1922, these two companies filed an amended consolidated return showing the same net income and invested capital, but a total tax liability of $43,783.17.

Attached to the original consolidated return were schedules showing a detailed itemization of amounts reported as income and those taken as deductions on the face of the return, and balance sheets of the two affiliated companies as of March 31, 1920 and 1921. The items of income and the deductions of the two companies were not shown separately, but were combined and shown in total amounts. The items of income reported and the deductions taken, in the original and amended consolidated returns, are as follows:

*Gross income*

| | |
|---|---:|
| Gross income from operations other than trading or manufacturing | $608, 676. 18 |
| Taxable interest from all sources | 830. 69 |
| Rentals | 15, 196. 72 |
| Royalties | 1, 690. 59 |
| Gross income | 626, 394. 18 |

*Deductions*

| | | |
|---|---:|---:|
| Ordinary and necessary expenses | $422, 563. 65 | |
| Compensation of officers | 1, 200. 00 | |
| Repairs | 10, 046. 65 | |
| Interest | 2, 053. 37 | |
| Taxes | 3, 988. 09 | |
| Debts ascertained to be worthless and charged off | 3, 475. 50 | |
| Exhaustion, wear and tear | 10, 461. 11 | |
| Depletion | 17, 198. 05 | |
| | | 470, 986. 42 |
| Net income for taxable period | | 155, 407. 76 |

The figures shown on the face of the original and amended consolidated returns comprised the following items of income and deductions of the separate companies:

| | Cincinnati Mining Co. | Luhrig Collieries Co. |
|---|---|---|
| GROSS INCOME | | |
| Gross income from operations | | $608,676.18 |
| Taxable interest | $376.11 | 454.58 |
| Rentals | 12,000.00 | 3,196.72 |
| Royalties | 1,690.59 | |
| Gross income | 14,066.70 | 612,327.48 |
| DEDUCTIONS | | |
| Ordinary and necessary expenses | 294.72 | 422,268.93 |
| Compensation of officers | | 1,200.00 |
| Repairs | 10,000.00 | 46.65 |
| Interest | 228.35 | 1,825.02 |
| Taxes | 2,686.56 | 1,301.53 |
| Bad debts | 3,475.50 | |
| Exhaustion, wear and tear | 8,171.65 | 2,289.46 |
| Depletion | 531.38 | 16,666.67 |
| Total deductions | 25,388.16 | 445,598.26 |
| Difference | ¹ 11,321.46 | ² 166,729.22 |

¹ Net loss.                         ² Net income.

In a so-called 30-day letter addressed to the petitioner under date of November 7, 1924, showing an additional tax due for the fiscal year 1921, of $16,612.38, respondent computed the consolidated net income as follows:

```
Net income as disclosed by consolidated return _____ $155,407.76
Additions:
     (a) Additions to reserves _____ $824.26
     (b) Excessive depletion _____ 14,837.88
                                                     ───────────
                                                                   15,662.14
                                                                   ───────────
     Total _____ 171,069.90
Deductions:
     (c) Depreciation _____ 1,650.19
                                                                   ───────────
     Corrected consolidated net income _____ 169,419.71
```

The item of $824.26 added to income as " additions to reserves " applies to the Luhrig Collieries Co. Of the $14,837.88 added to income, on account of excessive depletion, $407.33 applies to the petitioner, and $14,430.55 to the Luhrig Collieries Co. The deduction from income of $1,650.19, on account of additional depreciation, applies to the petitioner.

In the deficiency notice, showing a deficiency, for the fiscal year 1921 of $23,250.78, respondent determined the consolidated net income to be $178,712.80, computed as follows:

```
Consolidated net income as disclosed by office letter of November
     7, 1924 _____ $169,419.71
Addition:
     (a) Rehabilitation expense _____ 10,000.00
                                                                   ───────────
     Total _____ 179,419.71
```

Deduction:

    (b) Depreciation_____ $706. 91

        Corrected consolidated net income_____ 178, 712. 80

The addition to income of $10,000, rehabilitation expense, applies to the petitioner. The deduction from income of $706.91, additional depreciation, is the net result of the disallowance of depreciation of $1,659.66 previously allowed the petitioner, and the allowance of $2,366.57, to the Luhrig Collieries Co., for additional depreciation.

The adjustments of income made by respondent in the 30-day letter of November 7, 1924, and in the deficiency notice for the fiscal year 1921 are not in dispute but are agreed to by the petitioner. The income, deductions, and net income or net loss, of the separate companies, for the fiscal year 1921, are as follows:

| | Cincinnati Mining Co. | Luhrig Collieries Co. |
|---|---|---|
| GROSS INCOME | | |
| Gross income from operations | | $608, 676. 18 |
| Taxable interest | $376. 11 | 454. 58 |
| Rentals | 12, 000. 00 | 3, 196. 72 |
| Royalties | 1, 690. 59 | |
| Gross income | 14, 066. 70 | 612, 327. 48 |
| DEDUCTIONS | | |
| Ordinary and necessary expenses | 294. 72 | 421, 444. 67 |
| Compensation of officers | | 1, 200. 00 |
| Repairs | | 46. 65 |
| Interest | 228. 35 | 1, 825. 02 |
| Taxes | 2, 686. 56 | 1, 301. 53 |
| Bad debts | 3, 475 50 | |
| Exhaustion, wear and tear | 10, 451. 64 | 2, 366. 57 |
| Depletion | 124. 05 | 2, 236. 12 |
| Total deductions | 17, 260. 82 | 430, 420. 56 |
| Net income or net loss | [1] 3, 194. 12 | [2] 181, 906. 92 |

    [1] Net loss.          [2] Net income.

The total tax shown on the original consolidated return was paid by the Luhrig Collieries Co., and the additional tax of $50 shown by the amended consolidated return was paid by check of the New York Coal Co., dated May 13, 1922. There was no agreement between the petitioner and the Luhrig Collieries Co. as to the apportionment of the tax.

In the deficiency notice, respondent has made no apportionment of the total tax for the fiscal year 1921, but has held petitioner to be entirely liable therefor and for the entire amount of the deficiency.

The deficiency notice shows a consolidated net income of $11,372.46 for the fiscal year 1920, which respondent, at the hearing, conceded to be overstated by $10,000 through having erroneously included therein alleged unreported income in the amount of the overstatement. The correct consolidated net income for the fiscal year 1920 is $1,372.46.

OPINION.

LITTLETON: Since the consolidated net income for the fiscal year ended March 31, 1920, is less than the credit allowed by section 236 (c) of the Revenue Act of 1918, for the purpose of computing the income tax, and less than the specific exemptions provided by sections 311 and 312, of the same Act, for the purpose of computing the excess and war-profits taxes, there is no liability for taxes for that year, and, therefore, no deficiency.

As to the assessment of the tax based upon a consolidated return, section 240 (b) of the Revenue Act of 1921 provides as follows:

In any case in which a tax is assessed upon the basis of a consolidated return, the total tax shall be computed in the first instance as a unit and shall then be assessed upon the respective affiliated corporations in such proportions as may be agreed upon among them, or, in the absence of any such agreement, then on the basis of the net income properly assignable to each.

No agreement was ever had between the petitioner and the Luhrig Collieries Co. as to the apportionment of the tax to be assessed upon the basis of their consolidated return, nor did the petitioner agree to assume the tax liability of the Luhrig Collieries Co., and in the absence of such agreement, it is mandatory upon respondent to assess the tax upon the basis of the net income properly assignable to each. Petitioner suffered a net loss for the fiscal year 1921, all of the consolidated net income for that year having been earned by the Luhrig Collieries Co., and under the provisions of the statute above quoted petitioner is not liable for any part of the tax based upon the consolidated return, and there can be no deficiency in its case. Respondent argues that the returns did not contain the data necessary to the determination of the net income of the separate companies, and that failure to submit such data was equivalent of notice of an agreement that the principal company was to be assessed the entire tax. The answer to that is that it could not be regarded as notice of an agreement as to an apportionment of the tax any more than a notice that the tax was to be assessed upon the basis of the net income properly assignable to each of the affiliated corporations. It seems to us that a more logical view, in the absence of specific notice of an agreement for the apportionment of the tax, would be that there was no such agreement and that the tax was to be assessed upon the basis of the net income of the separate companies; especially so when respondent's regulations require that there shall be attached to the return " a schedule showing the proportionate amount of the total tax which it is agreed among them is to be assessed upon each affiliated corporation." (See article 632, Regulations 62.) As we interpret the statute, it is incumbent upon the respondent to ascertain the proper

parties against whom the tax is to be assessed, through inquiry, if necessary, as to any agreement or lack of agreement as to apportionment of the tax. If there be no such agreement the tax must be assessed upon the basis of the net income of the separate companies. In this proceeding, respondent has neither apportioned the tax in accordance with an agreement between the companies, for there was none, nor upon the basis of the net income properly assignable to each. This petitioner had no net income for 1921 and the Commissioner erred in determining and proposing to assess any deficiency against it.

Respondent argues that should the Board find that the tax should have been apportioned upon the basis of the net income assignable to each of the affiliated companies, it should, upon final redetermination, allocate the entire deficiency against the Luhrig Collieries Co. As to that proposition we have no jurisdiction, since the Luhrig Collieries Co. is not a party to these proceedings.

Reviewed by the Board.

> *Judgment will be entered for the petitioner on 15 days' notice, under Rule 50.*